UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK,

                 Plaintiff,

                                          **SUMMARY ORDER**
                                          **OF REMAND**
         -against-                        26-CV-0367 (OEM) (AYS)

TERRELL HARRIS,

                 Defendant.
-------------------------------------------------------------------x

ORELIA E. MERCHANT, United States District Judge:

On January 20, 2026, *pro se* Defendant Terrell Harris ("Defendant") filed this action, seeking to remove a New York State criminal case pending against him in Suffolk County Court, under Indictment Number 73388-25/001 (the "State Prosecution"), pursuant to 28 U.S.C. § 1455. *See* Notice of Removal of State Court Action to United States District Court at 1, Dkt. 1 (the "Notice").[1] For the following reasons, the Court *sua sponte* remands this matter to Suffolk County Court.

## BACKGROUND

In the State Prosecution, Defendant faces the following seven charges: (1) assault in the second degree, N.Y. PENAL LAW § 120.05(3); (2) driving under the influence, N.Y. VEH. & TRAF. LAW § 1192(3); (3) resisting arrest, N.Y. PENAL LAW § 205.30; (4) circumvention of an interlock device, N.Y. VEH. & TRAF. LAW § 1198(9)(d); (5) aggravated unlicensed operation of a motor vehicle in the second degree, N.Y. VEH. & TRAF. LAW § 511(2)(a)(ii); (6) moving across lanes unsafely, N.Y. VEH. & TRAF. LAW § 1128(a); and (7) speeding, N.Y. VEH. & TRAF. LAW

---

[1] The Court's citations to all of Defendant's filings refer to the page numbers contained in the automatically generated ECF header.

§ 1180(d).  *See* Defendants Reply and Affirmation at 14, Dkt. 6 (the "Response").  According to Defendant, he was arraigned on these charges on or around December 23, 2025.  Notice at 11.

On January 20, 2026, Defendant filed his Notice to remove the State Prosecution to federal court.  *See generally id.*  Defendant asserts that Plaintiff allegedly filed a "false criminal complaint" against him to cover up a racially motivated assault he suffered at the hands of the Southampton Town Police (the "Police"), *id.* at 2, 4, 8, and in retaliation for "verbal and written complaints" he filed against the Police, *id.* at 3.  Specifically, Defendant describes an encounter with the Police on or around 10:30 p.m. on October 18, 2025, in which they allegedly appeared at Defendant's home and "punched, stomped, kicked, [and] dragged [him] down a gravel driveway while handcuffed." *Id.* at 4.  Defendant contends that he suffered various injuries as a result, including "a concussion, . . . torn muscles and ligaments in his leg[,] . . .damage to his sternum," and several fractures.  *Id.*  He asserts that the Police additionally sold his car without providing him an opportunity to retrieve his belongings.  *Id.* at 5.  Defendant grounds federal jurisdiction in "violations of [his] civil rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution," *id.* at 1, as well as violations of 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 18 U.S.C. § 241, and 18 U.S.C. § 1038, *id.* at 4-5.  He claims that "the judges in the town and state court have sided with the officers there" and deemed him "guilty without due process." *Id.* at 3.

In filing his Notice, Defendant failed to attach "a copy of all process, pleadings, and orders served upon [him]," as required under 28 U.S.C. § 1455(a), and failed to pay the $405 filing fee necessary to commence a federal district-court action.  *See* Notice.  The Clerk of Court subsequently issued a notice of deficient filing on January 22, 2026, advising Defendant of the need to pay the requisite filing fee or, alternatively, to submit an application to proceed *in forma*

*pauperis* within 14 days. *See* Notice of Deficient Filing, Dkt. 3. On January 27, 2026, the Court additionally entered an order to show cause directing Defendant to show why this action should not be remanded to state court for the same reasons. *See generally* Order to Show Cause, dated Jan. 27, 2026 (the "Order to Show Cause").

Defendant paid the filing fee on February 2, 2026, *see* Civil Filing Fee Receipt, Dkt. 5, and filed a response to the Order to Show Cause on February 6, 2026, *see generally* Response.

## LEGAL STANDARD

A defendant seeking to remove a state criminal action to federal court carries the burden of establishing removal jurisdiction. *Gonzalez v. Clark*, 19-CV-10542 (CM), 2019 WL 6878546, at *2 (S.D.N.Y. Dec. 16, 2019) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). Federal courts "construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991)). When reviewing a notice of removal, federal courts must act "promptly," issuing "an order for summary remand" if "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." 28 U.S.C. § 1455(b)(4).

## DISCUSSION

It is apparent that summary remand is appropriate and that removal should not be permitted in this case for several reasons. To start, the Notice fails to comply with procedural requirements. When seeking to remove a criminal prosecution to federal court, a defendant must file a notice of removal "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." *Id.* § 1455(b)(1). That notice must contain "a copy of *all* process, pleadings, and orders served upon such defendant." *Id.* § 1455(a) (emphasis added). Here, Defendant fails

3

to meet both requirements.  Defendant's Notice asserts that he was not arraigned until December 23, 2025, *see* Notice at 11, however, the state-court records he attached to his Response indicate that the arraignment took place on November 3, 2025, *see* Response at 13.  Moreover, the state-court records are incomplete.  Defendant has not, for example, attached a copy of the indictment. *See generally* Response.

Even if Defendant had complied with the procedural requirements for removal, however, Defendant fails to establish removal jurisdiction.  Removal of a state criminal case to federal court is governed by 28 U.S.C. § 1442 ("Section 1442"), 28 U.S.C. § 1442a ("Section 1442a"), and 28 U.S.C. § 1443 ("Section 1443").  By their plain terms, Section 1442 applies only where federal officers or agencies are prosecuted, and Section 1442a applies only where members of the armed forces are prosecuted, neither of which Defendant alleges here.  *See generally* Notice; Response. Section 1443, though, provides:

> Any of the following . . . criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

To establish jurisdiction under Section 1443(1), a defendant must meet the two-pronged test established in *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975).  Specifically, he must show: (1) "that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality,'" *id.* (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)), and (2) that he is being "'denied or cannot enforce' the specified federal rights 'in the courts of (the) State,'" *id.* (alteration in original) (quoting *Rachel*, 384 U.S. at 803).  On the

4

first prong, "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice," nor will a bare assertion that a prosecution is "a sham, corrupt, or without evidentiary basis." *Johnson*, 421 U.S. at 219.  On the second prong, a denial must be "'manifest in a formal expression of state law,' such as a state legislative or constitutional provision, "rather a denial first made manifest in the trial of the case." *Id.*  (quoting *Rachel*, 384 U.S. at 799, 803)).

Assuming that Defendant does, under a liberal construction, satisfy the first prong of this analysis,[2] Defendant fails to satisfy the second prong because he has not alleged any "formal expression of state law" that denies him the ability to enforce his federal rights in state court.  *See generally* Notice; Response.  Instead, he vaguely asserts that the Police "conspired" against him and that "the judges in the town and state court have sided with the officers there."  Notice at 3. Such allegations are insufficient to establish removal jurisdiction under Section 1443(1).  *See, e.g.*, *New York v. White*, 25-CV-1163 (PKC) (ST), 2025 WL 1489810, at *2 (E.D.N.Y. May 22, 2025) (remanding a state prosecution where the defendant failed to allege "specific facts to suggest that he [could not] enforce federal rights in his state court prosecution as required by Section 1443, instead relying predominantly on generalized allegations of [constitutional] violations"); *Town of*

---

[2] As stated above, Defendant cites several federal laws as a basis for this Court's jurisdiction: the First, Fourth, Fifth, and Fourteenth Amendments, 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 18 U.S.C. § 241, and 18 U.S.C. § 1038.  Notice at 4-5.  Affording Defendant his strongest arguments as a *pro se* litigant, the Court assumes that he intended to bring an Equal Protection claim.  *See, e.g.*, *Bankhead v. New York*, 13–CV–3377 (NGG)(LB), 2013 WL 6145776, at *2 (E.D.N.Y. Nov. 21, 2013); *Town of Poughkeepsie v. S. Rd. Hosp. LLC*, 23-CV-04214 (PMH), 2024 WL 1156083, at *3 (S.D.N.Y. Mar. 18, 2024).  Nevertheless, the Court notes that Defendant's cited laws generally do not present the "specific language of racial equality that § 1443 demands." *Rachel*, 384 U.S. at 792; *see also Bankhead*, 2013 WL 6145776, at *2 (observing that these laws, while "related to equality and freedom . . . are broadly applicable to several forms of discrimination against various groups and activities," as opposed to racial discrimination in particular); *see also New York v. Chambers*, 24-cv-00641 (NCM) (JRC), 2024 WL 4252044, at *3 (E.D.N.Y. Sep. 20, 2024) (remanding where a defendant did not "link his perception of discrimination to any facts that the officers were motivated by race when they arrested him; that his prosecution was brought due to racial animus; or that his state court judge at any point engaged in racial discrimination").

*Poughkeepsie v. S. Rd. Hosp. LLC*, 23-CV-04214 (PMH), 2024 WL 1156083, at \*4 (S.D.N.Y. Mar. 18, 2024) (remanding a state civil rights case similarly where the defendants only "vaguely allege[d] that 'continued proceedings in the courts of New York State [would] constitute a continued denial of [their] civil rights' but fail[ed] to allege any facts showing that they [were] unable to enforce their federal rights in state court").

Defendant similarly fails to establish jurisdiction under Section 1443(2). Under Section 1443(2), a defendant must have been "sued or charged for any act carried out under color of authority derived from a law providing for equal rights" or "sued for or charged with refusing to act, when the defendant grounded that refusal on the inconsistency of the refused conduct with such a civil rights law." 14C WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 3727 (4th ed. 2025); *see Greenberg v. Veteran*, 889 F.2d 418, 420 (2d Cir. 1989) (discussing Section 1443(2) and its purpose). Removal under this subsection is not applicable, where, as here, a defendant is not a state officer and has not been sued for any act carried out under color of law or for refusal to enforce the law. *See generally* Notice; Response. *See City of Greenwood v. Peacock*, 384 U.S. 808, 821 (1966) ("[R]emoval under this subsection is limited to federal officers and those acting under them."); *see Cruz v. New York*, 5:17-CV-00510 (BKS/TWD), 2017 WL 6021838, at \*7 (N.D.N.Y. Oct. 27, 2017) (quoting *New York v. Galamison*, 342 F.2d 255, 264 (2d Cir. 1965)), (remanding where the removing party "ha[d] not alleged facts plausibly showing that he is a state officer or that he was or is acting with or for state actors in connection with the proceedings on which he seeks removal"), *report & recommendation adopted*, 5:17-CV-0510 (BKS/TWD), 2017 WL 6001833 (N.D.N.Y. Dec. 4, 2017).[3]

---

[3] To the extent that Defendant premises removal on the presence of defenses or counterclaims based on federal law, the Court observes that those defenses or counterclaims are not a basis for removal to federal court. *See, e.g.*, *New York v. Whyte-Bey*, 2:25-cv-2003 (NJC) (SIL), 2025 WL 1371817, at \*1 n.3 (E.D.N.Y. May 12, 2025) (citing *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002)); *New York v. Amelio*, 25-CV-02238 (JAV),

**CONCLUSION**

For the foregoing reasons, the Court remands this action to Suffolk County Court pursuant to 28 U.S.C. § 1455(b)(4).  The Clerk of Court is respectfully directed to mail a certified copy of this order to Suffolk County Court, mail a copy of this order to Defendant, and to note the mailing on the docket.  The Clerk of Court is further directed to close this case.

SO ORDERED.

_/s/_____
ORELIA E. MERCHANT
United States District Judge

February 23, 2026
Brooklyn, New York

---

2025 WL 1122535, at *1 n.2 (S.D.N.Y. Apr. 16, 2025), *reconsideration denied*, 25-CV-2238 (JAV), 2025 WL 2030658 (S.D.N.Y. July 21, 2025).  If Defendant has a federal civil claim arising from the circumstances described in his Notice, he may file a civil action independent of the criminal prosecution. *See Whyte-Bey*, 2025 WL 1371817, at *1 n.3; *Amelio*, 2025 WL 1122535, at *1 n.2.